**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CAGLIA, | ) Case No.: 1:19-cv-1376- JLT |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S MOTIONS |
| | ) TO PROCEED INFORMA PAUPERIS |
| v. | ) (Doc. 2) |
| | ) |
| APPEALS COUNCIL OFFICE OF | ) |
| DISABILITY ADJUDICATION & REVIEW, | ) ORDER DISMISSING COMPLAINT WITH |
| | ) LEAVE TO AMEND |
| Defendant. | ) |

Anthony Caglia seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying an application for Social Security benefits. Pending before the Court are the complaint (Doc. 1) and a motion to proceed *in forma pauperis* filed by Plaintiff (Doc. 2). For the following reasons, the request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and the complaint **DISMISSED** with leave to amend.

**I.      Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the applications and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

1

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint to determine whether it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

1   *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should

2   assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

3   conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a

4   complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*,

5   203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

6   **IV.     Jurisdiction and the Statute of Limitations**

7          Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability

8   benefits.  (Doc. 1)  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides

9   in relevant part:

10          Any individual, after any final decision of the Commissioner made after a hearing to
            which he was a party, irrespective of the amount in controversy, may obtain a review of
11          such decision by a civil action commenced within sixty days after the mailing to him of
            such decision or within such further time as the Commissioner may allow. Such action
12          shall be brought in the district court of the United States for the judicial district in
            which the plaintiff resides, or has his principal place of business . . . The court shall
13          have power to enter, upon the pleadings and transcript of the record, a judgment
            affirming, modifying, or reversing the decision of the Commissioner of Social Security,
14          with or without remanding the cause for a rehearing.

15

16  *Id.*.

17          Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

18  reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  The Supreme Court

19  noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility

20  claims."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Thus the regulations operate as a statute of

21  limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476

22  U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  Because the time limit is

23  "a condition on the waiver of sovereign immunity," it "must be strictly construed."  *Id.*

24          According to Plaintiff, he received notice that the decision of the administrative law judge was

25  final on September 2, 2019.  (Doc. 1 at 3)  However, it is unclear whether this was the date the

26  administrative law judge issued a decision, or the date the Appeals Council denied request for review

27  of the decision.  (*See id.*)  Notably, Plaintiff identified the Appeals Council as the defendant in this

28  action, and it is unclear whether he has, in fact, exhausted his administrative remedies before filing the

3

complaint before this Court.  Without additional information, the Court is unable to determine whether Plaintiff's request for review is timely, or whether it is barred by the statute of limitations.  *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day).  Consquently, the information provided is insuffient to determine that the request for judicial review is proper and timely under Section 405(g).

## V.      Proper Defendant

As noted, Plaintiff identified the "Appeals Council Office of Disability Adjudication & Review" as the defendant in this action.  (Doc. 1 at 1)  However, the only proper defendant in an action seeking judicial review of an administrative decision to deny benefits is the Commissioner of Social Security.  The Regulations explain:

> Where any civil action described in paragraph (a) of this section is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant. Any such civil action properly instituted shall survive notwithstanding any change of the person holding the Office of the Commissioner or any vacancy in such office. If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner.

20 C.F.R. § 422.210(d); *see also Muller v. Comm'r of Soc. Sec.,* 2013 WL 3456959 at *4-5 (E.D. Cal. July 8, 2013) (directing the plaintiff to file an amended complaint to identify the proper defendant pursuant to Section 422.210(d)); *Bell v. Comm'r of Soc. Sec*., 2013 WL 1623806, at *4 (E.D. Cal. Apr. 15, 2013) (finding the Commissioner of Social Security is the proper defendant, not the "Office of Disability Adjudication and Review" pursuant to Section 422.210(d)).

## VI.     Leave to Amend the Complaint

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

The Court cannot find with certainty that Plaintiff cannot allege facts supporting a

4

determination that the request for review is timely and the Court has jurisdiction over the matter. The

Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of this complaint.

Failure to cure the deficiencies will result in a recommendation that the matter be dismissed. The

amended complaint must bear the docket number assigned this case and must be labeled "First

Amended Complaint."   In addition, the amended complaint SHALL identify the proper defendant, the

Commissioner of Social Security, as provided in 20 C.F.R. § 422.210(d).  Accordingly, the Court

**ORDERS**:

      1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

      2.     Plaintiff's complaint is **DISMISSED** with leave to amend; and

      3.     Plaintiff **SHALL** file an amended complaint **within 60 days from the date of service** of

          this order to file an amended complaint that complies with the requirements of the

          pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of

          Practice.

IT IS SO ORDERED.

    Dated:   __**October 11, 2019**__               __**/s/ Jennifer L. Thurston**__
                                                            UNITED STATES MAGISTRATE JUDGE