# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CAGLIA, <br><br>   Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br>   Defendant. | Case No.: 1:19-cv-1376 JLT <br><br> ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

Anthony Caglia seeks judicial review of the administrative decision denying an application for Social Security benefits. Because it is unclear whether the request for judicial review is timely and the Court has jurisdiction over this action, the Second Amended Complaint is **DISMISSED** with leave to amend.

**I.  Screening Requirement**

When an individual is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

The Court must screen the Second Amended Complaint because the amended complaint

1

supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Jurisdiction

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1) The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Thus the regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.*

### IV. Discussion and Analysis

Plaintiff fails to include any allegations regarding the pursuit of administrative remedies related to the decision of the administrative law judge, or when the administrative law judge issued an opinion on his application. (*See* Doc. 6 at 1-4) However, Plaintiff has attached several documents to the Second Amended Complaint, which the Court has reviewed.

From the exhibits, it appears Plaintiff submitted a claim for benefits under Title II of the Social Security Act in 2015. (*See* Doc. 6 at 5, 10) When the application was denied, Plaintiff filed a request for a hearing. (*Id.* at 13) An administrative law judge held the hearing and issued a written decision on June 19, 2018. (*Id.* at 13, 20) Plaintiff requested review of the decision by the Appeals Council, which issued a notice denying the request on May 22, 2019. (*Id.* at 30) At that time, Plaintiff was

notified that he had "60 days to file a civil action (ask for court review)," and the date "July 21, 2019" was handwritten by an unidentified individual on the first page of the notice. (*Id.*) Plaintiff also received a second notice of the final decision on July 2, 2019, from Devin Nunes, Member of Congress, who relayed correspondence from the Social Security Adminsitration stating:

> "Thank you for your inquiry on Mr. Anthony Caglia disability claim. Mr. Caglia filed for SSDI. His initial application has been denied on 03/27/15 and again at the Reconsideration, and the ALJ. He recently received an Appeal Council (AC) denial decision on 05/22/19. At this point his claim is closed. He can either file a federal court case or a new claim."

(*Id.* at 34)

Because the decision to deny benefits became the final decision of the Commissioner on May 22, 2019, Plaintiff's request for review would be due within sixty-five days of the date of Appeal's Council's notice, or no later than July 26, 2019. *Seee* 42 U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice"). However, Plaintiff did not initiate this action until October 1, 2019. Thus, it appears the statute of limitations may have run on the request for review. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day).

On the other hand, there are two exceptions to the statute of limitations: (1) the Commissioner may grant an extension of time to file a civil action, and (2) the statute of limitations may be tolled through the doctrine of "equitable tolling." *Bowen*, 476 U.S. at 479-80; 42 U.S.C. § 405(g). Here, however, Plaintiff does not allege he requested an extension of time, and does not allege any facts that would support the equitable tolling of the statute of limitations. There also are no exhibits attached to the Second Amended Complaint indicating Plaintiff sought an extension of time to initate the court action. Thus, from the face of the complaint, it does not appear the request for judicial review is timely under 42 U.S.C. § 405(g).

## V. Leave to Amend the Complaint

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed

for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

Here the Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that the request for review is timely and the Court has jurisdiction over the matter. The Court will grant **one opportunity** to Plaintiff to amend the complaint to cure the deficiencies of identified by stating whether he requested an extension of time from the Appeals Council or, in the alternative, to allege facts that support the tolling of the statute of limitations. Failure to cure the deficiencies will result in a recommendation that the matter be dismissed. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Accordingly, the Court **ORDERS**:

1. Plaintiff's first amended complaint is **DISMISSED** with leave to amend; and
2. Plaintiff **SHALL** file an Third Amended Complaint **within 30 days from the date of service** of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated: **January 16, 2020**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE